IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY GROMER, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:11-CV-0682-D |
| VS. | § |
| | § |
| JANET MACK, GUARDIAN FOR VALMA MARIE STOKLEY, AN ALLEGED INCAPACITATED PERSON, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In *Gromer v. Mack*, 799 F.Supp.2d. 704 (N.D. Tex. 2011) (Fitzwater, C.J.) ("*Gromer I*"), the court granted the motion to remand of defendant Janet Mack ("Mack") and awarded her attorney's fees, expenses, and just costs under 28 U.S.C. § 1447(c) because the removal by plaintiff Mary Gromer ("Gromer") was objectively unreasonable. Mack has filed a supplemental application for such an award. For the reasons that follow, the court grants the application in part and awards Mack the sum of $7,095.09 in attorney's fees, expenses, and just costs.

I

In response to *Gromer I*, Mack filed a fee application requesting the sum of $12,522.59 for 50.9 hours of attorney work. But she failed in her application to provide specific evidence demonstrating that the number of hours expended and the hourly rate

charged were reasonable. The court permitted Mack to file a supplemental fee application, which is now before the court for decision. Gromer opposes the supplemental application.

II

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010) (some citations omitted). The lodestar is presumptively reasonable, *see Perdue v. Kenny A.*, ___U.S.___, 130 S.Ct. 1662, 1673 (2010), but the applicant bears the burden of substantiating both the requested hours and the hourly rates, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

III

The court first considers whether the requested hourly rates are reasonable. Mack's request is based on hourly rates of $225 per hour for Craig Stokley, Esquire ("Stokley"), $250 per hour for Kevin L. Edwards, Esquire ("Edwards"), and $135 per hour for paralegal work. Gromer challenges these rates, arguing that Mack cannot prove the stated amounts are

the prevailing local rates because she failed to procure and attach the affidavit of a disinterested attorney that specifically states the prevailing local rate for the type of work for which she seeks an award, and because Mack failed to provide an affidavit from Stokley stating that his fees were reasonable and necessary. Gromer has failed to cite to any controlling authority, however, for the proposition that fee applications must be accompanied by an affidavit from a disinterested attorney or that all attorneys who performed work in the matter must submit affidavits stating that their fees were reasonable and necessary.[1]

Given their respective levels of experience and the rates prevalent in the area in which Gromer filed her suit, the court, as an expert as to the reasonableness of attorney's fees, finds that these hourly rates are customarily charged in this locality for similar legal services and that the rates for the attorneys and paralegal are reasonable. They will therefore be used in calculating the lodestar. *See, e.g., Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" (applying federal law)); *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 4275277 at *2 n.4 (N.D. Tex. Oct. 29, 2010) (Fitzwater, C.J.) (same).

---

[1]Gromer's reliance on *Blum v. Stenson*, 465 U.S. 886 (1984), is misplaced. In *Blum* the Supreme Court stated, in a footnote, that although determining an appropriate market rate is "inherently difficult," "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Although the Court placed the burden on the fee applicant to prove the prevailing market rate, nothing in *Blum* requires fee applicants either to produce an affidavit from a disinterested attorney or to produce affidavits from all attorneys working on the case to prove the reasonableness of the rates they seek.

IV

The court next determines the number of hours reasonably spent by Mack's counsel.

A

Mack states that counsel spent a total of 50.9 hours as a result of Gromer's improper removal.  Specifically, she has adduced evidence that Stokley expended 38.9 hours and Edwards expended 12 hours complying with the court's orders for a joint status conference in accordance with Fed. R. Civ. P. 16(b) and 26(f), and drafting, revising, editing, and researching issues related to Mack's motion to remand and reply brief.  In support of her fee application, Mack attaches invoices from Stokley and Edwards detailing their work.

Although Edwards' and Stokley's invoices generally enable the court to determine the work each attorney performed, their billing methods sometimes impede the court's ability to assess whether either attorney expended a reasonable amount of time on each task.  "The party seeking fees bears the burden of proving that the hours claimed were reasonably expended on the litigation, and he can meet this burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Merrick v. Scott*, 2011 WL 1938188, at *3 (N.D. Tex. May 20, 2011) (Fitzwater, C.J.) (citing *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).  Because Edwards' and Stokley's invoices present different issues in assessing the reasonableness of the hours allegedly expended, the court will address each separately.

B

According to the invoices, Stokley spent a total of 38.9 hours working in some respect on Mack's motion to remand. His failure to provide detail, however, in describing the large blocks of time spent drafting and giving "attention to" the motion to remand and reply brief prevents the court from assessing the reasonableness of these hours.

Stokley recorded three time entries that are in some way related to preparation of the motion to remand: 7.5 hours on April 28, 2011, 8.5 hours on April 29, 2011, and 7.9 hours on May 3, 2011. *See* D. Ex. A-1 at 1.[2] Mack therefore appears to be seeking 23.9 hours for Stokley's services in preparing the motion to remand and supporting brief. Stokley recorded three time entries that are in some way related to preparation of the reply brief in support of the motion to remand: 4.5 hours on June 3, 2011, 6.7 hours on June 7, 2011, and 3.8 hours on June 8, 2011. *See* D. Ex. A-2 at 1. This means that Mack appears to be seeking 15 total hours for Stokley's services in preparing the reply brief. Having reviewed the remand motion and supporting brief and reply brief and evaluated their length and contents, the court

---

[2]The court is citing the evidence in this manner because Mack did not comply with N.D. Tex. Civ. R. 7.1(i)(1) in briefing her application. Rule 7.1(i)(1) provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix." Rule 7.1(i)(4) provides, in relevant part, that "[e]ach page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as '1,' and succeeding pages must be numbered sequentially through the last page of the entire appendix (*i.e.,* the numbering system must not re-start with each succeeding document in the appendix)." Mack did not file a properly paginated appendix. Because this deficiency did not interfere with the decisional process of the court, the court has considered the documents that Mack has submitted in support of her application.

finds that 16 hours were reasonably expended for the motion and remand brief and 4 hours were reasonably spent on the reply brief, for a total of 20 hours. This amount of time, multiplied by Stokley's $225 per hour rate, results in $4,500 in reasonable attorney's fees for Stokley's services.

C

Mack seeks attorney's fees for 12 hours of work performed by Edwards. Gromer argues in opposition that it is impossible to determine what time was actually spent in preparing the motion to remand because the state appeal and federal removal are two separate actions but have been combined in one description on each of Mack's invoices.[3] In reply, Mack concedes that, "in a few instances," Edwards' invoices contain time for both the state court and federal court matters. D. Reply Br. 2. In these instances, Mack has redacted from the time record the portion detailing the state court work, but she has not made corresponding reductions in the attorney time; she maintains that it was time spent working on both the state and federal court cases. Mack argues that the fee application does not request compensation for the time Edwards spent working on the state court case because Mack seeks attorney's fees for only 12 of the 14.8 hours reflected on the July 18, 2011 invoice, D. Ex. A-3. The court finds that Mack is not entitled to recover attorney's fees for all the time shown on entries that contain both time spent on the state court matter and time spent on the federal

---

[3]Gromer objects on this basis to Exhibits A-1, A-2, and A-3. Mack contends that Stokley's invoices contain separate time entries for the state and federal court cases. The court has reviewed Stokley's invoices (Exhibits A-1 and A-2) and finds that Stokley did not include in these invoices any time spent on the state court case.

court matter and that do not make adjustments to reflect only time spent on the federal court matter.[4]

Mack argues that once the time spent on the state court matter is subtracted from the April 6, 2011 invoice, Edwards spent 12 hours on this case. Having reviewed Edwards' invoice, the court finds that his services in connection with this case were limited to the following: email and telephone correspondence with co-counsel and opposing counsel regarding scheduling the Rule 26(f) conference, preparing for the conference; attending the conference; revising the proposed scheduling order; email correspondence in connection with filing the proposed scheduling order, and reviewing Gromer's response to the motion to remand.[5] The court finds from its review of the relevant time entries and as an expert in attorney's fees that a reasonable amount of time for all of these tasks is 7.3 total hours. This number, multiplied by Edwards' $250 hourly rate, results in $1,825.00 in reasonable attorney's fees.

---

[4]For example, on May 3, 2011, Edwards billed four hours, in part for work on the state matter, and in part reviewing an email notification of filing of the motion to remand. *See* D. Ex. A-3 at 2. The time entry has been partially redacted so that the remaining portion reads: "RR email notification of filing of Motion to Remand." *Id.* Four hours is certainly not a reasonable amount of time to have expended reviewing an email notification that a motion to remand has been filed.

[5]A fee award under § 1447(c) includes all fees and expenses "incurred as a result of the removal." Accordingly, Mack is entitled to recover attorney's fees for time spent complying with this court's orders for a joint status conference under Rule 26(f).

D

Gromer does not contest the reasonableness of the 2.5 hours at $135 per hour spent on paralegal work. The court determines that $337.50 for this work is reasonable.

V

Once the lodestar amount is determined, there is a strong presumption that it represents a reasonable fee. *See Perdue*, 130 S.Ct. at 1673; *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court can adjust the lodestar upward or downward after assessing the twelve *Johnson* factors,[6] but the party seeking the adjustment bears the burden of establishing that an adjustment is warranted. *La. Power & Light*, 50 F.3d at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989)). Many of the *Johnson* factors are "presumably fully reflected in the lodestar amount," however, such modifications are proper only in certain "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings." *Del. Valley Citizens' Council*, 478 U.S. at 565 (citing *Blum*, 465 U.S. at 898-901).

Although Mack addresses the *Johnson* factors in her fee application, neither party requests an upward or downward departure from the lodestar under the *Johnson* factors. The

---

[6]The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney was precluded from other employment by the acceptance of this case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or the circumstances imposed time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

court declines to adjust the lodestar amount based on the *Johnson* factors because it finds that no further adjustments are warranted. *See Johnson*, 488 F.2d at 717-19.[7]

## VI

Mack also seeks to recover approximately $432.59 in expenses. The invoices she has attached in support of her fee application show $126.92 in expenses. Edwards' affidavit states that Mack directly paid at least $305.67 for transcripts used to procure a remand. Although Gromer disputes the $6.63 in travel costs, she does not otherwise object to Mack's claimed expenses.[8] Having considered the evidence, the court determines that the sum of $432.59 in expenses is reasonable and includes this amount in Mack's fee award.

---

[7]Gromer argues that Mack's fee application should be denied because Mack has not attached her fee agreement with her attorneys and has not otherwise proved that she actually paid the attorney's fees being sought. Gromer has not established that, to be eligible for a fee award under § 1447(c), the applicant must have paid her attorney the fees she seeks. Nor has she shown that it is legally or factually fatal to Mack's application that she did not attach a copy of her fee agreement.

[8]Gromer cites no authority for her position that travel expenses are not recoverable under § 1447(c) because counsel is local. Mack has adduced evidence that the "travel" costs were incurred because it was necessary for counsel to travel to the Dallas court to obtain certified copies of pleadings that Gromer did not include when she improperly removed the case. The court finds that the sum of $6.63 is a reasonable travel expense that Mack is entitled to recover. *See, e.g.*, *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003) (Fitzwater, J.) (holding that district court was not precluded, on remand, from awarding out-of-pocket expenses for travel as part of attorney's fees in suit brought under Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*); *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990) (holding that "[a]ll reasonable out-of-pocket expenses, including charges for . . . travel, . . . are plainly recoverable in [42 U.S.C. § 1988] fee awards because they are part of the costs normally charged to a fee-paying client." (citing cases)).

* * *

For the foregoing reasons, the court grants in part Mack's supplemental application for fees and awards Mack the total sum of $6,662.50 in attorney's fees ($225 x 20 hours for Stokley's services) + ($250 x 7.3 hours for Edwards' services) + ($337.50 for paralegal services), and $432.59 in expenses and just costs, for a total award of $7,095.09 in attorney's fees, expenses, and just costs. Gromer must pay this award to Mack within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

January 4, 2012.

                                              SIDNEY A. FITZWATER
                                              CHIEF JUDGE